HAROLD M. BLOSSOM AND MARGARET T. BLOSSOM, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 91572. Promulgated November 15, 1938.

*William A. Borrusch, Esq.,* for the petitioners.
*Edward C. Adams, Esq.,* for the respondent.

**OPINION.**

TURNER: The petitioners contend that they are entitled to a deduction as interest paid of $4,117.34 representing the amount of accrued interest included in the bid price of Collateral Liquidation, Inc., which purchased the property. In support of their contention they rely entirely on the decision of the Supreme Court in *Helvering* v. *Midland Mutual Life Insurance Co.*, 300 U. S. 216; rehearing denied, 300 U. S. 688. The respondent has not filed a brief and we are not informed as to his position aside from the reason given in the deficiency notice for the disallowance of the deduction and a suggestion made at the hearing that the right of petitioners to redeem the property in the following year might have some bearing on the question.

In *Helvering* v. *Midland Mutual Life Insurance Co., supra*, the taxpayer, which kept its books and reported its income on the cash receipts and disbursements basis, in 1930 caused to be foreclosed several mortgages on real estate given to secure loans which were in default. The greater part of the real estate was located in Michigan. At the foreclosure sales the taxpayer was the only bidder. Its bids were accepted and the properties were conveyed to it. At each sale its bid included accrued interest as well as principal. Under the taxpayer's system of accounting and reporting income, it entered on its books only payments of interest actually made to it during the year. Upon acquiring the foreclosed properties the amounts of interest included in the bids on foreclosure were not entered on its books either as a part of the cost of such properties, as an asset, or as income. While all of the properties were situated in states where a period of redemption from foreclosure is allowed, in no case was there a redemption. The question before the Court was whether the amount of accrued interest included in the taxpayer's bids constituted taxable income to it for 1930.

In holding that the accrued interest included in the bids was income to the taxpayer in 1930, the Court said:

* * * A mortgagee who, at foreclosure sale, acquires the property pursuant to a bid of the principal and accrued interest is, as purchaser and grantee, in a position no different from that of a stranger who acquires the property on a bid of like amount. It is true that the latter would be obliged to pay in cash the amount of his bid, while the formality of payment in cash is ordinarily dispensed with when the mortgagee acquires the property on his own bid. But the rights acquired *qua* purchaser are the same in either case; and, likewise, the legal effect upon the mortgage debt is the same. *In each case the debt, including the interest accrued, is paid.* Where the stranger makes the purchase, the debt is discharged by a payment in cash; where the mortgagee purchases the property, the debt is discharged by means of a credit. *The amount so credited to the mortgagor as interest paid would be available to him as a deduction in making his own income tax returns.[6]* It would be strange if the sum deductible by the mortgagor debtor were not chargeable to the mortgage creditor as income received. * * *

* * * At the sale, it was free either to bid or to refrain from bidding. If it bid, it was free to bid such sum as it pleased. It chose to bid the full amount of principal and interest. *Thus it obtained, in legal contemplation, full payment of the interest as well as the principal.* * * . * [Italics supplied.]

---

[6] See Revenue Act of 1928, § 23 (b), 45 Stat. 791, 799 (26 U. S. C. A. § 23 note).

Under the above decision payment of the accrued interest was effected in the taxable year through the sale under foreclosure of the petitioners' property and the petitioners, being on the cash receipts and disbursements basis, are entitled to deduct the interest so paid. Secs. 23 and 43, Revenue Act of 1934.

*Decision will be entered under Rule 50.*